IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-69,322-01, -02 & -03






EX PARTE RANDY JAMES ANGLE, Applicant


 






ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. 199-81712-01, 199-81717-01 & 199-81715-01


IN THE 199TH DISTRICT COURT 

FROM COLLIN COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of aggravated sexual
assault of a child, seven counts of indecency with a child, and four counts of sexual assault of a child. He
was sentenced to imprisonment for eleven terms of twenty years and two terms of thirty-seven years. He
did not appeal his convictions.

 Applicant contends, among other things, that trial counsel rendered ineffective assistance because
he failed to advise Applicant that the prosecution of these offenses might be barred under Tex. Code
Crim. Proc. art. 12.01(5). Applicant has alleged facts that, if true, might entitle him to relief. Strickland
v. Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App.
2000). In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The
trial court shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the prosecution of these offenses was
barred under Tex. Code Crim. Proc. art. 12.01(5). If so, the trial court shall make findings as to whether
the performance of Applicant's counsel was deficient and whether counsel's deficient performance
prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that
it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order
granting the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court.



Filed: February 27, 2008

Do not publish